# jackson lewis.

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
44 South Broadway
14th Floor
White Plains, New York 10601
Tel 914 872-8060
Fax 914 946-1216
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

December 17, 2018

**VIA ECF (with courtesy copy by e-mail)**
(ChambersNYSDSmith@nysd.uscourts.gov)
Hon. Lisa Margaret Smith
United States Magistrate Judge
United States District Court,
  Southern District of New York
300 Quarropas Street
White Plains, NY 10601

        Re: Bermudez et al. v. Pondfield Restaurant Corp. et al.
           Case No.: 7:18-cv-03045- LMS

Dear Magistrate Judge Smith:

  We represent the Defendants in the above-referenced matter. This letter is respectfully submitted in follow up to the status teleconference held on December 11, 2018, and in further support of Plaintiffs' letter (Doc. No. 37) jointly requesting approval of the Parties' Amended Negotiated Settlement Agreement (Doc. No. 37, Ex. A) ("the Agreement").

  During the December 11, 2018 status teleconference, Your Honor expressed some hesitation regarding whether the parties' Agreement, which contains the Parties' mutual releases of claims, may be approved upon review consistent with Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). The Parties' arms-length agreement to mutually waive all claims potentially related to their respective employment relationships, which ended *prior to the filing of the instant action*, is not a basis to withhold approval upon the Court's fairness review.

  In *dicta* in Cheeks, the Second Circuit questioned (but did not bar) the validity of FLSA settlement agreement containing confidentiality provisions, general releases, or excessive attorneys' fees. 796 F.3d at 206. While some district courts have questioned overly broad or non-mutual releases in the context of Cheeks review, a mutual general release in a non-class FLSA settlement is not inconsistent with the remedial purpose of the FLSA. See Romero v. Fluff N Fold Laundry Servs. LLC, No. 15 Civ. 9535 (HBP), 2018 U.S. Dist. LEXIS 96929, at *8-9 (S.D.N.Y. June 8, 2018) (Pitman, M.J.); Souza v. 65 St. Marks Bistro, No. 15-CV-0327 (JLC), 2015 U.S. Dist. LEXIS 151144, at *5-6 (S.D.N.Y. Nov. 6, 2015) (Cott, M.J.) (approving

**jackson|lewis.**

broad general release in non-class FLSA settlement on condition that release be mutual); Cionca v. Interactive Realty, LLC, No. 15-CV-05123 (BCM), 2016 U.S. Dist. LEXIS 77372, at *9-11 (S.D.N.Y. June 10, 2016) (Moses, M.J.) (observing, where the plaintiff is no longer an employee of the defendants, reducing the potential danger the release was obtained through improper pressure, "a general release of the kind proposed in this case makes sense, in order to bring closure to both sides, and the Court finds it to be fair and reasonable."). The mutual releases of the Parties in this matter should be approved.

In this matter, the Parties refined the definitions of the respective "Releasors" and "Releasees" to reach Plaintiffs (and anyone who may bring employment-related claims on behalf of Plaintiffs), and Defendants (and those whom Plaintiffs may allege have been their respective employers under the law). (Doc. No. 37, Ex. A, ¶¶ 1(a) and (b)). Specifically, the respective relevant portions of the mutual release provisions state as follows:

> *By Plaintiffs* –
>
> After consultation with counsel, each Plaintiff knowingly and voluntarily releases and forever discharges Defendants and all other Releasees of and from <u>any and all claims of any kind which may be asserted or raised as a result of each Plaintiff's employment relationship or alleged employment relationship with Defendants</u> (including claims under the Fair Labor Standards Act), known or unknown, that he had or may have based upon any conduct occurring up to and including the date he executes this Agreement, including, but not limited to, any alleged violation of: . . . .

(Doc. No. 37, Ex. A, ¶ 2(d)) (emphasis added).

> *By Defendants* –
>
> Defendants knowingly and voluntarily release and forever discharge Plaintiffs of and from any and all claims, whether known and/or unknown, they have or may have against Plaintiffs based upon any conduct occurring up to and including the date of execution of this Agreement. Defendants further release and forever discharge all Releasors of and from any and all claims, known and unknown, they may have against Releasors up to and including the date of execution of this Agreement based on any conduct in connection with Plaintiffs' employment and/or alleged employment with Defendants.

(Doc. No. 37, Ex. A, ¶ 3(f)).

**jackson|lewis.**

Hon. Lisa Margaret Smith<br>
United States Magistrate Judge<br>
December 17, 2018<br>
Page 3

District courts have repeatedly issued Orders approving similar and more broadly worded release provisions in non-class FLSA settlements. See e.g., Fraticelli v. Super Realty Management LLC, No. 18 CV 397 (GBD), Doc. No. 47 (S.D.N.Y. July 9, 2018); Williams v. Planet Hollywood (Broadway) LLC, No. 17 CV 4878 (RSW), Doc. No. 15 (S.D.N.Y. May 15, 2018); Lujuan v. JPG LLC, No. 18 CV 916 (KBF), Doc. No. 21 (S.D.N.Y. June 6, 2018); Bejarano v. All Pro Home and Health Care Service, Inc., No. 15 CV 5906 (ALC), Doc. No. 39 (S.D.N.Y. July 13, 2016).

For the reasons above, and for the reasons put forth in Plaintiffs' letter dated November 30, 2018 (Doc. No. 37), the Parties jointly and respectfully request that the Amended Negotiated Settlement Agreement be approved and that the matter be dismissed with prejudice.

We appreciate the Court's courtesies in this matter.

Respectfully submitted,

JACKSON LEWIS P.C.

/s/

Jonathan M. Kozak

cc:   *Counsels for Plaintiffs* (via ECF and e-mail)